WRIGHT *v.* ROBERTS *et al.*

(*Supreme Court, General Term, Second Department.* February 10, 1890.)

1. MECHANIC'S LIEN—EXTENSION—JUDGMENT.

Laws N. Y. 1885, c. 342, § 6, provides that no lien shall bind the property for a longer period than one year, "unless an order be made by a court of record continuing such lien, and a new docket be made stating such fact." *Held* that, where judgment is obtained within the year, no formal order to continue the lien is necessary.

2. SAME—NOTICE OF PENDING ACTION.

The filing of a complaint is notice of the pendency of an action, within the provision of section 6, that a lien shall not bind the property for a longer period than a year, unless within that time an action is commenced, and, if the action is in a court of record, a notice of the pendency of such action is filed with the county clerk.

Appeal from special term, Kings county.

Action by Irving Wright against Harriet E. Roberts and others, to foreclose a mechanic's lien. Judgment was rendered for plaintiff within one year from

the filing of the lien. This judgment was affirmed by the general term, and several years thereafter, pending an appeal to the court of appeals, defendants moved to vacate the lien, and enjoin plaintiff from selling the property to satisfy the same. Laws N. Y. 1885, c. 342, § 6, (the mechanic's lien act,) provides that "no lien * * * shall bind the property * * * for a longer period than one year, * * * unless within that time (1) an action is commenced, * * * and, if the action is in a court of record, a notice of the pendency of such action is filed with the county clerk of * * *; (2) unless an order be made by a court of record continuing such lien, and a new docket be made stating such fact." Defendants appeal from an order denying the motion.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles Henry Phelps,* for appellants. *J. S. Millard,* for respondent.

PRATT, J. The lien act of 1885 is by section 25 declared to be a remedial act, and must be liberally construed to effectuate the object of the act. In this respect it differs from previous acts that courts have considered themselves bound to construe strictly. It would not be a liberal rule that should require a formal order to continue a lien already ripened into a judgment, and the filing of a complaint may well be held to be a notice of the pendency of an action. It is so at common law, and we are not aware that the effect of a common law *lis pendens* has been taken away by statute. The act points out various ways by which a lien may be removed from the record, but the one pursued by the moving party here is not among them. The laches of defendant afford another reason why the motion should be denied. Order appealed from affirmed, with costs. All concur.